IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RODNEY JACKSON,

　　　　　　Plaintiff,

vs.

SODEXO, Inc.;

　　　　　　Defendant.

8:25CV369

MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Rodney Jackson's Complaint filed on May 27, 2025. Filing No. 1. Plaintiff is a non-prisoner, is not represented by counsel, and proceeds in forma pauperis. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

### I. SUMMARY OF CLAIMS

Plaintiff sues Sodexo, Inc., claiming he was harassed, discriminated against, and terminated from his employment based on race, age, and disability. Plaintiff attaches his EEOC charge of discrimination as his statement of facts. Filing No. 1 at 6. With his Complaint, Plaintiff submitted a letter asking for additional time to produce necessary documents regarding his case and attached to the letter a copy of his EEOC right to sue letter issued on May 6, 2025. Filing No. 4 at 2. For purposes of this initial review, the Court considers the right to sue letter as supplemental to the Complaint.

Plaintiff alleges he is black, 59 years old, and disabled, and he began working as a cashier and dishwasher for Sodexo in 2021. He performed his work satisfactorily under the supervision of Jason, a white man in his 50s with no known disabilities. Plaintiff states that in December of 2023, a black male

in his 40s with no known disabilities was working as a kitchen cook and began harassing Plaintiff, calling him lazy because he needed to sit at work due to his disability. Plaintiff reported the harassment to the kitchen manager, a black man in his 70s with no known disabilities, in August of 2024, and reported it to Jason at least three times in October of 2024. Plaintiff claims the harassment continued and "was severe and pervasive," creating "a hostile work environment." Filing No. 1 at 6.

On November 6, 2024, the kitchen cook allegedly initiated a verbal altercation and, as Plaintiff turned to walk away, his walker slipped. Plaintiff fell, breaking his teeth and landing on a co-employee who broke her hip and wrist due to the impact. Jason told Plaintiff to go home. The kitchen cook was not sent home. *Id*.

Plaintiff was suspended on November 7, 2024, and his employment was terminated on November 12, 2024. *Id*.

On November 25, 2024, Plaintiff received a letter from Creighton University barring him from its property. Plaintiff believes Sodexo instructed Creighton to write this letter. *Id*.

Plaintiff alleges he was subjected to a hostile work environment, suspended, and discharged from his employment at Sodexo due to his race, age, and disability, and he seeks monetary damages as relief.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

A plaintiff need not plead facts sufficient to establish a prima facie case of employment discrimination in his or her complaint. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-12 (2002), *abrogated in part on other grounds by Twombly*, 550 U.S. at 570 (holding a complaint in employment discrimination lawsuit need not contain "facts establishing a prima facie case," but must contain sufficient facts to state a claim to relief that is plausible on

3

its face). However, the elements of a prima facie case are relevant to a plausibility determination. *See Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 54 (1st Cir. 2013) (stating elements of a prima facie case are "part of the background against which a plausibility determination should be made" and "may be used as a prism to shed light upon the plausibility of the claim"); see also *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) ("While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim.").

### III. DISCUSSION

Plaintiff's complaint states he is claiming recovery under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17; Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12111 to 12117; and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 to § 634. Plaintiff's EEOC right to sue letter was issued on May 6, 2025, Filing No. 4 at 2, and his federal complaint was timely filed on May 27, 2025, Filing No. 1.

To prove he was terminated based on race or age, Plaintiff must show he is a member of a protected class, was qualified to perform his job at Sodexo but was terminated, and there are facts showing the termination was due to age or race discrimination. *Butler v. Crittenden Cnty., Ark.*, 708 F.3d 1044, 1050 (8th Cir. 2013) (race); *Ward v. Int'l Paper Co.*, 509 F.3d 457, 460 (8th Cir. 2007) (age). Here, Plaintiff alleges he is black and was 59 when he was fired, but there is nothing in the complaint to indicate his employment was terminated because he is black or over 40 years old.

Liberally construed, Plaintiff alleges he cannot walk without a walker or perform his job without sitting, raising the inference that he is disabled within the meaning of the ADA. He further alleges he was qualified and able to perform his job at Sodexo. But there are no facts indicating his employment

was terminated due to his disability. *See Denson v. Steak 'n Shake, Inc.*, 910 F.3d 368, 370 (8th Cir. 2018). Plaintiff also alleges he was subjected to a hostile work environment at Sodexo due to his disability. He claims a co-worker repeatedly called him a "lazy motherfucker" because he needed to sit while working due to his disability. Filing No. 1 at 6. He allegedly complained to his supervisors about the harassment, but nothing was done. Plaintiff does not, however, allege how that environment affected the terms and conditions of his employment. *Faragher v. City of Boca Raton*, 524 U.S. 775, 786–88 (1998).

Finally, Plaintiff alleges he believes Sodexo was instrumental in having him banned from Creighton's property. Plaintiff's claim is speculative and cannot support a claim for recovery.

## IV. OTHER PENDING MOTIONS

### A. Motion for Appointment of Counsel

With his Complaint, Plaintiff filed a motion requesting the appointment of counsel due to his indigency, the complexity of the case, and Plaintiff's concern about "his ability [to] protect his legal rights and present a proper case." Filing No. 3. "There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

The Court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time as this case is still in its early stages and it is not clear that Plaintiff and the Court will benefit from the appointment of counsel at this point. The facts underlying Plaintiff's claims are not complex, nor are the legal arguments regarding those claims. Further, the Court notes that Plaintiff has been able to file clear and understandable materials with the Court, indicating his basic ability to present his claims. The Court is, however, aware that this situation may change as litigation progresses. As the Eighth Circuit Court of Appeals instructs, the Court will "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993). Accordingly, Plaintiff's request for appointment of counsel will be denied without prejudice to reassertion.

### B. Motion to Extend Time

As noted above, Plaintiff submitted a letter with his Complaint, which the Court construes as a motion, asking for additional time to produce necessary documents regarding his case due to a medical procedure scheduled on June 23, 2025, followed by another medical procedure not yet scheduled. Filing No. 4. The Court is uncertain what necessary documents Plaintiff is referring to as his right to sue letter was included with his letter, Filing No. 4 at 2, and his EEOC charge of discrimination was included with his Complaint, Filing No. 1 at 6. This case is still at the pleading stage, and Plaintiff does not need to submit any evidentiary materials in support of his claims at this time. The Court, therefore, will deny Plaintiff's motion to extend time without prejudice as premature.

## V. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). For the reasons discussed herein, Plaintiff's complaint fails to state a claim upon which relief may be granted. But rather than dismiss the case, the Court will allow Plaintiff to file an amended complaint. If Plaintiff chooses to amend his complaint, he is encouraged to use the court-approved form to draft his amended complaint, which the Clerk of the Court will provide to him.

Accordingly,

IT IS ORDERED

1.  Plaintiff shall have until **November 17, 2025**, to file an amended complaint. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.

2.  The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) in the event he files an amended complaint.

3.  The Clerk of the Court is directed to send to Plaintiff the Form Pro Se 7 Complaint for Employment Discrimination.

4.  The Clerk of Court is directed to set a pro se case management deadline using the following text: "**November 17, 2025**: check for amended complaint."

5.  Plaintiff's motion for appointment of counsel, Filing No. 3, and motion to extend time, Filing No. 4, are denied without prejudice.

6.  The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Plaintiff shall keep the Court informed of his

current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated this 17th day of October, 2025.

BY THE COURT:

Cheryl R. Zwart
United States Magistrate Judge

8