IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RODNEY JACKSON,

                    Plaintiff,                          **8:25CV369**

          vs.

SODEXO, INC.;                                    **MEMORANDUM AND ORDER**

                    Defendant.

This matter is before the Court on Plaintiff Rodney Jackson's Amended Complaint filed on November 4, 2025. Filing No. 10. Plaintiff is a non-prisoner, is not represented by counsel, and proceeds in forma pauperis. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). For the reasons stated below, this lawsuit will be dismissed.

## I. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs

must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

A plaintiff need not plead facts sufficient to establish a prima facie case of employment discrimination in his or her complaint. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-12 (2002), *abrogated in part on other grounds by Twombly*, 550 U.S. at 570 (holding a complaint in employment discrimination lawsuit need not contain "facts establishing a prima facie case," but must contain sufficient facts to state a claim to relief that is plausible on its face). However, the elements of a prima facie case are relevant to a plausibility determination. *See Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 54 (1st Cir. 2013) (stating elements of a prima facie case are "part of the background against which a plausibility determination should be made" and "may be used as a prism to shed light upon the plausibility of the claim"); *see*

*also Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) ("While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim.").

## II. STATEMENT OF CLAIMS

The Court's previous memorandum and order advised Plaintiff that under the facts alleged, he failed to state a claim for age or disability discrimination in employment. Filing No. 9. Plaintiff's amended complaint, Filing No. 10, states far fewer facts than the initial complaint. An amended complaint supersedes an initial complaint. But for the purposes of this initial review, the Court will, in its discretion, consider the amended complaint as supplementing rather than replacing the initial complaint. Considered together, the initial and amended complaints allege:

Plaintiff sues Sodexo, Inc., claiming he was harassed, discriminated against, and terminated from his employment based on race, age, and disability. Plaintiff attaches his EEOC charge of discrimination as his statement of facts. Filing No. 1 at 6. In a separate filing, Plaintiff submitted his EEOC right to sue letter issued on May 6, 2025. Filing No. 4 at 2. For purposes of this initial review, the Court considers the right to sue letter as supplementing the initial and amended complaints.

Plaintiff alleges he is black and disabled, and he began working as a cashier and dishwasher for Sodexo in 2021. He alleges he needs knee replacements for both knees. Filing No. 10 at 4. He performed his work satisfactorily under the supervision of Jason, a white man in his 50s with no known disabilities. Plaintiff states that in December of 2023, a black male in his 40s with no known disabilities was working as a kitchen cook and began harassing Plaintiff, calling him lazy because he needed to sit at work due to his disability. Plaintiff reported the harassment to the kitchen manager, a

black female in her 70s[1] with no known disabilities, in August of 2024, and reported it to Jason at least three times in October of 2024. Plaintiff claims the harassment continued and "was severe and pervasive," creating "a hostile work environment." Filing No. 1 at 6.

On November 6, 2024, the kitchen cook allegedly initiated a verbal altercation and, as Plaintiff turned to walk away, his walker slipped. Plaintiff fell, breaking his teeth and landing on a co-employee who broke her hip and wrist due to the impact. Jason told Plaintiff to go home. The kitchen cook was not sent home. *Id.*

Plaintiff was suspended on November 7, 2024, and his employment was terminated on November 12, 2024. *Id.* Plaintiff was 59 years old when his employment was terminated.

On November 25, 2024, Plaintiff received a letter from Creighton University barring him from its property. Plaintiff believes Sodexo instructed Creighton to write this letter. *Id.*

Plaintiff alleges he was subjected to a hostile work environment, suspended, and discharged from his employment at Sodexo due to his race, age, and disability, and he seeks monetary damages as relief.

## III. DISCUSSION

Plaintiff seeks damages and restoration of employment under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17; Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12111 to 12117; and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 to § 634.

---

[1] The magistrate judge's prior initial review described the kitchen manager as a black male in his 70s. Plaintiff states he believes that was an error—the kitchen manager was a black female in her 70s—and he asks the court to correct the factual record. Filing No. 10 at 70. The Court's recitation of facts herein incorporates that correction.

To state a claim for age discrimination, Plaintiff must allege facts indicating his termination was due to age or race discrimination. *Butler v. Crittenden Cnty., Ark.*, 708 F.3d 1044, 1050 (8th Cir. 2013) (race); *Ward v. Int'l Paper Co.*, 509 F.3d 457, 460 (8th Cir. 2007) (age). As the magistrate judge previously explained, "there is nothing in the complaint to indicate [Plaintiff's] employment was terminated because he is black or over 40 years old." Filing No. 9 at 4.

Likewise, as explained by the magistrate judge's prior order, there are no allegations indicating his employment was terminated due to his disability. Filing No. 9 at 5 (citing *Denson v. Steak 'n Shake, Inc.*, 910 F.3d 368, 370 (8th Cir. 2018)). And while Plaintiff alleges he was subjected to a hostile work environment at Sodexo due to his disability, he "does not . . . allege how that environment affected the terms and conditions of his employment." Filing No. 9 at 5 (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 786–88 (1998)).

Finally, while Plaintiff may believe Sodexo was instrumental in having him banned from Creighton's property, he alleges no facts to support this claim.

## IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court has cited the deficiencies in the initial complaint, allowed Plaintiff to file an amended complaint, and granted Plaintiff substantial latitude by considering both the initial and amended complaints for this initial review. Even so, Plaintiff has failed to allege a claim upon which relief may be granted. His claims must be dismissed.

Accordingly,

IT IS ORDERED:

1.      This matter is dismissed without prejudice.

2.      A separate judgment will be entered.


Dated this 3rd day of December, 2025.

BY THE COURT:

_____

John M. Gerrard
Senior United States District Judge

6